### HUDSON TRUST CO. v. CHAPPELLE.

(Supreme Court, Appellate Term.　March 5, 1908.)

BANKS—ACTIONS FOR OVERDRAFT—EVIDENCE—SUFFICIENCY.

In an action by a bank to recover an overdraft, evidence *held* to sustain a judgment for plaintiff.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Banks and Banking, § 464½.]

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by the Hudson Trust Company against Manuel S. Chappelle to recover the amount of an overdraft. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and MacLEAN, JJ.

Maurice Meyer, for appellant.

Holm, Whitlock & Scarff (Victor E. Whitlock, of counsel), for respondent.

MacLEAN, J. Considering the common course of business, the probabilities were and are against the defendant, against whom the plaintiff has a recovery for $210.14, an overdraft allowed in consequence of an inadvertent credit of $230 to his account in the "inactive ledger," a book of second transfer. According to the receiving teller's deposit register, written up from the deposit slips, one Alter and the defendant made deposits, respectively, of $230 and $651.44, with the plaintiff, a day and night bank, on the evening of March 28, 1907, and, as the teller testified, the rough balance of that night footed up evenly with his money. The respective credits were properly posted in the active ledger on the following day, but it came out some days afterwards, in looking for an error in balancing the second ledger, that the entry of $230 had been posted to the credit of Alter and also of Chappelle; but the next following entry, $651.44, had not been carried in at all. On this discovery the book balanced; but, as the defendant in the mean season had had his pass book written up and gotten both credits made to him, he was able to overdraw. The defendant maintained he had deposited the $230 in bills, but showed no duplicate slip therefor, though he knew it was the act of a prudent man to get something showing he had made a deposit. On his direct he said he never received duplicate deposit slips. On his cross, in answer to the question whether he did or did not get a voucher for such deposit, he replied, "I have not got any of my vouchers at all," and to a repetition, "I have not got any at all." So usual is the requirement that all deposits must be accompanied by a deposit slip that such a requirement might be assumed. Its existence in this very case is shown by the notice, prefixed to the pass book put in evidence by the defendant himself, that:

"All deposits are to be accompanied by a ticket specifying the amount of checks, bank bills, gold, etc., separately, with the name of the depositor written thereon."

The circumstances that no such slip was found by the receiving teller, nor was professed to have been delivered by the defendant, who had nothing to show for such a deposit, and that the total of the teller's receipts noted in the deposit register, kept by another, corresponded with the amount taken in by the receiving teller, unexplained and uncontradicted, with the explanation of the error stated above, quite warranted the judgment by the learned trial justice.

Judgment affirmed with costs. All concur.